Electronically Filed
Intermediate Court of Appeals
29305
27-OCT-2011
02:56 PM

NO. 29305

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JIM HOGG, Plaintiff, v. GLENN NOBUKI MURAKAMI,
and ANN SUE ISOBE, Defendants-Appellants, and
WALTER JUNICHI MURAKAMI and ETSUKO MARUYAMA MURAKAMI,
as Co-Trustees under that certain unrecorded
Trust Agreement known as The Etsuko M. Murakami
Trust dated December 20, 1989; AMERICAN SAVINGS BANK,
F.S.B.; JOSEPH E. SPADARO, individually and as
Trustee under that certain Declaration of Trust dated
October 3, 2000; and JOHN NELSON SPADARO, JOHN DOES
1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE
CORPORATIONS 1-10; DOE ENTITIES 1-10; and DOE
GOVERNMENTAL UNITS 1-10, Defendants, and
GLENN NOBUKI MURAKAMI and ANN SUE ISOBE,
Counterclaimants-Appellants, v. JIM HOGG, Counterclaim
Defendant, and MICHAEL DAVID SAKATANI; CHRISTINE MARIE SAKATANI;
and 808 DEVELOPMENT LLC, a Hawai'i limited liability
company, Additional Counterclaim Defendants-Appellees,
and LISA HOGG, JOSEPH E. SPADARO, individually and as
Trustee under that certain Declaration of Trust dated
October 3, 2000; and JOHN NELSON SPADARO, and DOES A
through Z, Additional Counterclaim Defendants, and
WALTER JUNICHI MURAKAMI and ETSUKO MARUYAMA MURAKAMI, as
Co-Trustees under that certain unrecorded Trust
Agreement known as the Walter J. Murakami Trust dated
December 20, 1989, and that certain unrecorded Trust
Agreement known as The Etsuko M. Murakami Trust dated
December 20, 1989, Counterclaimants, v. JIM HOGG,
Counterclaim Defendant, and JOHN NELSON SPADARO,
Defendant/Cross-Claimant, v. GLENN NOBUKI MURAKAMI and
ANN SUE ISOBE, Cross-Claim Defendants-Appellants, and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; and DOE
GOVERNMENTAL UNITS 1-10, Cross-Claim Defendants, and


[CAPTION CONTINUED ON NEXT PAGE]

MICHAEL DAVID SAKATANI and CHRISTINE MARIE SAKATANI, Additional Cross-Claim Defendants-Appellees, and JOHN DOES 11-100; JANE DOES 11-100; DOE PARTNERSHIPS 11-100; DOE CORPORATIONS 11-100; DOE ENTITIES 11-100; and DOE GOVERNMENTAL UNITS 11-100, Additional Cross-Claim Defendants, and AMERICAN SAVINGS BANK, F.S.B., Defendant/Counterclaimant, v. JIM HOGG, Plaintiff/Counterclaim Defendant, and AMERICAN SAVINGS BANK, F.S.B., Defendant/Cross-Claimant, v. GLENN NOBUKI MURAKAMI; ANN SUE ISOBE, Cross-Claim Defendants-Appellants, and MICHAEL DAVID SAKATANI; CHRISTINE MARIE SAKATANI; and 808 DEVELOPMENT LLC, a Hawaiʻi limited liability company, Cross-Claim Defendants-Appellees, and WALTER JUNICHI MURAKAMI and ETSUKO MARUYAMA MURAKAMI, as Co-Trustees under that certain unrecorded Trust Agreement known as The Walter J. Murakami Trust dated December 20, 1989, and that certain unrecorded Trust Agreement known as The Etsuko M. Murakami Trust dated December 20, 1989; and JOHN NELSON SPADARO, Cross-Claim Defendants, and WALTER JUN  ICHI MURAKAMI and ETSUKO MARUYAMA MURAKAMI Additional Cross-Claim Defendants, and JOSEPH E. SPADARO, individually and as Trustee under that certain Declaration of Trust dated October 3, 2000, Defendant/Counterclaim Plaintiff, v. JIM HOGG, Plaintiff/Counterclaim Defendant, and JOSEPH E. SPADARO, individually and as Trustee under that certain Declaration of Trust dated October 3, 2000, Defendant/Cross-Claim Plaintiff, v. GLENN NOBUKI MURAKAMI, and ANN SUE ISOBE, Defendants/Cross-Claim Defendants-Appellants, and AMERICAN SAVINGS BANK, F.S.B., JOHN NELSON SPADARO and DOE DEFENDANTS, Defendants/Cross-Claim Defendants, and MICHAEL DAVID SAKATANI; CHRISTINE MARIE SAKATANI; and 808 DEVELOPMENT LLC, Additional Cross-Claim Defendants-Appellees, and NAOTO LATHROP; YOKO LATHROP; GORDON SUN PUNG WONG; BEVERLY CHANG WONG; KEVIN PAUL HISAMI SUMIDA; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as nominee for RYAN WELLS and KRISTY WELLS; UNITED STATES OF AMERICA, DEPARTMENT OF TREASURY; and HONSADOR LUMBER CORPORATION, Additional Cross-Claim Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 03-1-1712)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendants/Counterclaim-Plaintiffs/Cross-Claim Defendants/Appellants Glenn Nobuki Murakami and Ann Sue Isobe (collectively, **Appellants**) appeal from the Final Judgment entered by the Circuit Court of the First Circuit (**Circuit Court**) on July 29, 2008.[1/]

This appeal stems from the Circuit Court's confirmation of an arbitration award in favor of Additional Counterclaim Defendants, Cross-Claim Defendants And Cross-Claimants Michael David Sakatani, Christine Marie Sakatani (**Sakatanis**) and 808 Development LLC's (**808 Development**) for unpaid construction work, interest, fees, costs, and including a declaration that a mortgage against Appellants' property is valid. Appellants challenge the Circuit Court's July 29, 2008 order denying their: (1) motion to vacate and set aside the Arbitrator's (A) Interim Arbitration Award, (B) Decision And Order Re: Post-Interim Arbitration Award Motion, and (C) Final Arbitration Award; and (2) motion for the appointment of a new arbitrator. Appellants also challenge the Circuit Court's July 29, 2008 order confirming the Arbitrator's Interim Arbitration Award and Final Arbitration Award against them and in favor of the Sakatanis and 808 Development.

Appellants raise seven points of error, arguing that the Arbitrator's awards were:

(1) Incomplete because the Arbitrator failed to decide all of the issues that were expressly submitted to arbitration;

(2) The product of misconduct on the part of the Arbitrator;

(3) Based on issues outside the scope of those submitted to arbitration;

(4) Contrary to public policy;

---

[1/] The Honorable Eden Elizabeth Hifo presided.

3

(5) Contrary to the law of the case purportedly established a decision by the Hawai'i Supreme Court;

(6) Mathematically erroneous; and

(7) Outside the scope of Hawaii Revised Statutes (**HRS**) § 658A-21 (Supp. 2010).[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Appellants' contentions as follows:

(1) Appellants argue that the subject arbitration award was incomplete because the Arbitrator failed to address their claims for: (1) an accounting; (2) damages resulting from the Sakatanis' alleged fraud, abandonment of the project, and construction repairs, and (3) breach of contract damages. This argument is without merit. It is evident from the record, including the Arbitrator's summary of the parties' claims, accounting testimony presented at the arbitration hearing, the Interim Arbitration Award, and the Final Arbitration Award, that the Arbitrator considered and rejected all of Appellants' claims and arguments, including the ones identified on appeal.

(2) Appellants' contention of arbitrator misconduct is without merit. Appellants fail to make any cogent arguments supporting the requested relief; instead, Appellants state vague allegations that the Arbitrator was "obvious[ly] confus[ed]," that attorneys' fees and costs were awarded in an "inconsistent, inattentive, and reckless manner," and a conclusory statement that the Arbitrator failed to read the parties' submissions. Appellants failed to establish the grounds for vacating the arbitration award under HRS § 658A-23(a)(2)(C) (Supp. 2010).

---

[2] The Owners appear to introduce various additional arguments that were not identified in their points of error. These arguments are deemed waived. Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4).

(3)   Appellants' third argument appears to invoke HRS § 658A-23(a)(4) (Supp. 2010), which allows a court to vacate an award if the arbitrator exceeds his or her powers.  Appellants' argument is, in fact, that the Arbitrator erred in entering the award in favor of the Sakatanis, as well as 808 Development.  It is axiomatic that the review of arbitration awards must be "extremely narrow and exceedingly deferential."  Tatibouet v. Ellsworth, 99 Hawai'i 226, 233, 54 P.3d 397, 404 (2002) (quotation marks and citations omitted).  Such awards may only be vacated on statutory grounds, and not for errors of law or fact. Daiichi Hawaii Real Estate Corp. v. Lichter, 103 Hawai'i 325, 336, 82 P.3d 411, 422 (2003) (citation omitted).  Accordingly, the Circuit Court did not err in rejecting Appellants' request to review the Arbitrator's factual and legal determinations.

(4)   Appellants' public policy argument is, in essence, that the Arbitrator failed to properly apply HRS § 444-22.  Even if the Arbitrator applied the law incorrectly, when parties agree to arbitrate, they "assume all the hazards of the arbitration process including the risk that the arbitrators may make mistakes in the application of law and in their findings of fact." Tatibouet v. Ellsworth, 99 Hawai'i 226, 233, 54 P.3d 397, 404 (2002) (internal quotation marks and citation omitted).  Where the arbitration award was made in good faith, as it apparently was in this case, Appellants are not "permitted to prove that the arbitrator[] decided wrong either as to the law or the facts of the case."  Id. at 236, 54 P.3d at 407.  Thus, the Circuit Court did not err in rejecting Appellants' public policy argument.

(5)   Appellants argue that the Arbitrator's award against them, which was based on quantum meruit, was contrary to the "law of the case" purportedly established by the supreme court's affirmation of a prior judgment dismissing of 808 Development's mechanic's lien application against Appellants' property.  Again, by submitting this dispute to arbitration,

Appellants assumed the hazards of the arbitration process including the risk that the Arbitrator could make a mistake of law, including an error in the applicability of a related mechanic's lien action. See, e.g., Daiichi Hawaii Real Estate Corp. v. Lichter, 103 Hawai'i 325, 336, 82 P.3d 411, 422 (2003). Thus, the Circuit Court did not err in declining to review the Arbitrator's award on this ground.

(6)  Appellants argue that the Arbitrator's award contained "mathematical miscalculations and arithmetic errors." See HRS § 658A-24(a)(1) (Supp. 2010). Upon closer examination, however, Appellants' argument does not actually allege a mathematical miscalculation, but rather, argues that the award against Appellants is unsupported by the facts before the Arbitrator. Accordingly, this alleged point of error is unreviewable. Daiichi, 103 Hawai'i at 336, 82 P.3d at 422.

(7)  In their final point of error, Appellants allege that the Arbitrator failed to require proof of the Sakatanis' attorneys' fees and costs, and that said attorneys failed to proffer evidence of certain fees and costs and presented erroneous proof in other instances. Again, this alleged error is precisely the type of error that our courts have consistently refused to review, and therefore, this point is unreviewable. Daiichi, 103 Hawai'i at 336, 82 P.3d at 422 (citation omitted); see also Kona Village Realty, Inc. v. Sunstone Realty Partners, XIV, LLC, 121 Hawai'i 110, 114-16, 214 P.3d 1100, 1104-06 (App. 2009) (holding that the determination of the reasonableness of attorney's fees is clearly within the scope of an arbitrator's authority), affirmed, Kona Village Realty, Inc. v. Sunstone Realty Partners, XIV, LLC, 123 Hawai'i 476, 477, 236 P.2d 456, 457 (2010).

For these reasons, the Circuit Court's July 29, 2008 Final Judgment is affirmed.

DATED:  Honolulu, Hawai'i, October 27, 2011.

On the briefs:

Gary Victor Dubin,
Long H. Vu,
Frederick J. Arensmeyer,
(Dubin Law Offices),
for Appellants.

Kevin P.H. Sumida,
Anthony L. Wong,
Lance S. Au,
(Sumida & Tsuchiyama),
for Additional Counterclaim
Defendants-Cross-Claim
Defendants-Cross-Claimants-
Appellees Michael David
Sakatani, Christine Marie
Sakatani, and 808 Development
LLC.

Presiding Judge

Associate Judge

Associate Judge